## CIRCUIT COURT OF FAIRFAX COUNTY

Parr Excellence, Inc.,
t/a Parcom

v.

Charles M. Anderson et al.

September 30, 1987

Case No. (Chancery) 98228

By JUDGE THOMAS J. MIDDLETON

The Court finds Charles M. Anderson, Defendant, in the above-styled action, in violation of § 8.01-271.1 of the Code of Virginia with regard to his Motion to Remove Counsel, dated August 14, 1987.

Defendant's motion reads in full:

COMES NOW Defendant Charles M. Anderson and moves the court to remove Mr. CHARLES SICKELS and his law firm as counsel for Complainant from the cause for reasons of conflict with Defendants founded in attorney/client priviledged (sic) relationship and his use of that priviledged (sic) information in this cause against Defendants, to be more fully argued to the Court.

The motion is signed by Defendant, appearing *pro se*.

The Code Section reads in pertinent part:

The signature of an attorney or party constitutes by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge,

information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Defendant has violated the three substantive parts of this statute.

1. *Reasonable inquiry would have shown that the motion is not well grounded in fact.*

The gravamen of Defendant's motion is that Counsel for Complainant ("Counsel") and Defendant previously had entered into an attorney/client relationship and that Counsel now is using privileged information gained pursuant to that relationship to the detriment of Defendant in this current action.[1] The previous attorney/client relationship involved the retention of Counsel by Defendant seven years ago to represent Defendant's son in an alleged assault matter. *See Affidavit of Charles W. Sickels*, Para. 1-5; Complaint at Para. 17, *Anderson v. Sickels* (federal). Counsel remained in the relationship for no more than a week before the relationship terminated. *Id*. The current case involves a mechanic's lien and bears no relationship factually or otherwise to the earlier assault matter. Defendant argues that Counsel became apprised, pursuant to the earlier relationship, of Defendant's allegations of a judicial conspiracy in Fairfax County and has used that information to Defendant's detriment. *See* Complaint at Para. 12, 20(h), *Anderson v. Sickels* (federal). Although Counsel did become first aware of Defendant's allegations in the course of

---

[1] The abuse of privileged relationship allegations are based similarly to allegations contained in two suits brought by Defendant against Counsel. See, Complaint at Para. 13, 20(h), Anderson v. Sickels, et al., No. 87-0801-A (E.D. Va. August 10, 1987), Motion for Judgment at Para. 21, Anderson v. Sickels, et al., At Law No. 80677 (Cir. Ct. Fairfax County August 21, 1987). Hereinafter cited as Anderson v. Sickels (federal) and Anderson v. Sickels (state).

12

the earlier relationship, *see Sickels's Affidavit* at Para. 4, these allegations are now a part of the public record[2] and as such as no longer privileged information. Further, the record reveals that Counsel's knowledge of Defendant's allegations have not played a part in any way in Counsel's conduct of the current case, nor could such knowledge be used in the future to Defendant's detriment. The Court finds a complete lack of correlation between Counsel's knowledge and the subject matter of the current case and cannot comprehend any possible manner in which the particulars of Counsel's knowledge could potentially act to Defendant's detriment. Moreover, Defendant has further contended that Counsel gained privileged information through his association with a firm that had earlier represented Defendant. *See Complaint* at Para. 16, *Anderson v. Sickels* (federal). Counsel, however, joined the firm after the firm's relationship with Defendant had severed and had no knowledge of the extent or nature of that earlier relationship. *See Sickels's Affidavit* at Para. 6. Thus, it appears that reasonable inquiry, if not actual knowledge, would or should have led Defendant to the conclusion that Counsel did not possess *any* privileged information gained

---

[2] Plaintiff's Continued Argument Against Defendant's Motion to Dismiss for Failure to Comply with Statutory Requirements at Para. 4, Anderson v. Fairfax Family Practice Center, Ltd., At Law No. 53347 (Cir. Ct. Fairfax County, Va. August 8, 1981); Letter dated October 20, 1982, Brendes v. Anderson, At Law No. 59024 (Cir. Ct. Fairfax County, Va.); Motion to Vacate Judgment, Embrey v. Anderson, At Law No. 56868 (Cir. Ct. Fairfax County, Va. October 19, 1982); Plaintiff's Reply to Defendant's Demurrer at Para. 3, Anderson v. Forbes, At Law No. 64309 (Cir. Ct. Fairfax County, Va. June 7, 1984); Motion for Judgment at Para. 5, Anderson v. Mackall, At Law No. 73999 (Cir. Ct. Fairfax County, Va. May 9, 1986); Amended Motion for Judgment at Para. 6(F)(2), 6(K), Anderson v. Bowman, et al., At Law No. 74361 (Cir. Ct. Fairfax County, Va., August 21, 1986); Motion for Judgment at Para. 10, Anderson v. Cavuto, At Law No. 77225 (Cir. Ct. Fairfax County, Va. January 9, 1987); Objections to Complainant's Motion to Commissioner for Leave to File Brief in Lieu of Oral Argument, Para. 10, 14, 59, 69, 103, 104, American Paving and Construction Corp. v. Anderson, In Chancery No. 94646 (Cir. Ct. Fairfax County, Va. August 3, 1987); Complaint at Para. 25, Anderson v. Sickels (federal); Motion for Judgment at Para. 21, Anderson v. Sickels (state); Motion for Judgment at Para. 14, Anderson v. Brent, et al., At Law No. 80720 (Cir. Ct. Fairfax County, Va. August 24, 1987).

pursuant to any earlier action or relationship that could be used to Defendant's detriment in the current case.

2. *Reasonable inquiry would have shown that the motion is not warranted by existing law or a good faith argument for the extension modification, or reversal of existing law.*

Since reasonable inquiry would or should have revealed to Defendant that he could not object to Counsel on the basis of Counsel's knowledge [of] privileged information, Defendant must be relying on the mere fact of a prior attorney/client relationship as a legal grounds for removal of Counsel. However, there is no basis in the law for an assertion that an attorney must be removed from an action solely because the attorney had previously entered into an attorney/client relationship with an opposing party involving an unrelated subject matter. The issue is addressed by Canon 5 of the Virginia Code of Professional Responsibility. Disciplinary Rule 5-105(D) under the Canon states:

> A lawyer who has represented a client in a matter shall not thereafter represent another person in the *same or substantially related matter* if the interest of that person is adverse in any material respect to the interest of the former client . . . [emphasis added].

Although there is no Virginia case law on this issue, the Federal Circuits are in accord that, at the minimum, a substantial relationship between the past and current matter must be shown. *See Global Van Lines v. Superior Court of Orange County*, 192 Cal. Rptr. 609, 612, fn. 3 (Cal. App. 1983) (survey of Circuits on this issue). Defendant has made no arguments that Virginia law is or should be to the contrary. Reasonable inquiry would or should have led Defendant to believe that the motion is not warranted because it has no legal basis.

### 3. *The motion was interposed for improper purposes.*

A review of the record of this case, incidental litigation stemming from this case, and prior practices of Defendant in other cases reveals that the motion was interposed for the purposes of delay, harassment, frustration and escalation of costs of the opposition. During the course of the current case, Defendant has sued Counsel twice (once in Federal court, once in this Court), alleging many of the same facts and incidents that serve as a basis for the motion in question.[3] Defendant has yet to have any court find in his favor on the basis of his allegations. Since the allegations supporting the motion have been litigated and re-litigated with the same outcome, Defendant's purposes must go beyond determination of the merits of the allegations. In addition, Defendant also has filed actions against other attorneys involved in this case claiming abuse of privilege and conspiracy and against various Judges of this court who have participated in this case.[4] Again, no court has found any substance to Defendant's allegations. Moreover, Defendant has attempted this course of action previously in other cases to no avail.[5] When viewed in light of Defendant's continuing tactics in this and other cases, the court comes to the

---

[3] See footnote 1, supra.

[4] See Anderson v. Brent, Anderson v. Cavuto, Motion for Judgment at Para. 6; Anderson v. Surovell, at Law No. 77478 (Cir. Ct. Fairfax County, Va. January 30, 1987).

[5] See American Paving and Construction Corp. v. Anderson (sued opposing counsel, see Anderson v. Bowman; attempted to force recusal of Commissioner on unsubstantiated grounds of knowledge of attorney/client privileged information, see Objections to Complainant's Motion to Commissioner for Leave to File Brief in Lieu of Oral Argument at Para. 58, unsuccessfully sued Commissioner on same basis, see Anderson v. mackall); Smitty's Lumberteria, Inc., et al. v. Anderson, In Chancery No. 90299 (Cir. Ct. Fairfax County, Va., 1986) (attempted to force recusal of Commissioner on unsubstantiated grounds of knowledge of attorney/client privileged information, see Praecipe, Notice and Motion dated February 27, 1986, unsuccessfully sued Commissioner on same basis, see Anderson v. Mackall).

inescapable conclusion that Defendant's motion was interposed for improper purposes.

Although the Court need only make the determination that Defendant violated one of the statutory provisions for sanctions to be imposed under § 8.01-271.1, the Court finds that Defendant filed his Motion to Remove Counsel in violation of *each* and *every* requirement in the statute. In response to this egregious behavior, the Court finds it necessary to impose sanctions against Defendant, Charles M. Anderson.

The Court will hold a hearing on October 22, 1987, at 10:00 a.m. to determine appropriate sanctions.